## SUPREME COURT.

### LEVI COOLEY and others, Respondents, agt. JONAH D. DECKER, Appellant.

*Referee's report made while in a foreign country — jurisdiction.*

Where a referee, under an order of the court, makes an amended report in the cause while sojourning in· a foreign country (Switzerland), which is returned and filed here, it is not invalid for want of jurisdiction.

THIS is an appeal by the defendant from an order of special term, setting aside a report of a referee, upon the ground that the report was made outside of the jurisdiction of the court.

The appeal papers show that an issue was formed in this action, and that it was referred to D. Holmes, Esq., to hear and determine. On the 6th of June, 1873, he made his report, and caused it to be delivered to the plaintiff's attorneys, who filed the same, and gave defendant notice of the filing on the 24th of June, 1873. On the fourth of July the plaintiff excepted to this report. At the July special term the defendant, on notice, moved to have the report sent back to the referee for further findings. The motion was granted, whereupon the plaintiffs' counsel suggested that the referee was then in Europe, "and it would be a hardship for plaintiffs to have to wait till his return to obtain this corrected report from the referee, stating that it was his belief that defendant made this motion to obtain this delay, which referee's absence would occasion. The court answered that unless the parties agreed, they would have to wait till referee returned. If agreed, the counsel, Mr. Thomas, could· send the papers and referee's testimony to him, and obtain the

Cooley agt. Decker.

corrected report from him, and, no doubt, defendant's counsel would consent that the plaintiffs' counsel might do this. Mr. Danforth, defendant's counsel, replied that Mr. Thomas, if he desired to do so, might send the papers to the referee, with his minutes of the testimony, wherever he could find him."

The defendant drafted an order, merely directing the report to be sent back to the referee, and submitted it to plaintiffs' attorney. He objected to the proposed order because it did not provide for sending the case to the referee wherever he could be found, and at his request the order was amended by adding permission to send "the evidence and papers to him wherever he could be found," and the plaintiffs' attorney caused the order to be entered, and sent it and the papers to the referee. The referee made a further report, while absent from the country, sent it to his clerk or partner Mr. Chickering; after some delay, the defendant took the report from Mr. Chickering and filed it. The plaintiff then filed and served exceptions to the report, and afterward made a motion to set aside the report for the reason that it was made out of the jurisdiction of the court. On the 28th of July, 1873, the motion was granted for the reason assigned, and from this order the defendant appeals to this court.

*George F. Danforth,* for appellant.

*First.*—Notwithstanding a report had been made by a referee, it was in the power of the court to require an amended report (*Brainerd* agt. *Dunning,* 30 *N. Y.,* 216; *Leffler* agt. *Field,* 50 *Barb.,* 413; *Rogers* agt. *Wheeler,* 52 *N. Y.* 262).

*Second.*—Although his absence from the state would prevent the use of compulsion, as suggested in *Peck* agt. *Yorks* (14 *How.,* 416), it would not interfere with a voluntary obedience to the direction of the court, and his act in so doing is valid.

*Third.*—But if otherwise, the plaintiff is estopped from objecting to the report upon the ground that it was made out of the state.

I. He caused the objectionable provision to be inserted in the order.

II. He procured the referee to execute the order.

III. He treated the amended report as regular, by excepting to some of its findings.

And having taken the chances of a report favorable to himself, should not be permitted to say that his own act was wrongful, and thus injure his adversary.

It is not a matter which concerns the public. It affects only the parties to the suit. They may waive the presence of the referee within the territorial limits of the state, as well as they can relieve him from the necessity of taking an oath.

A magistrate is required to take an official oath, but although this is omitted, a judgment rendered by him, without objection, is valid. And so as to arbitrators (4 *N. Y.*, 257; 1 *Denio*, 440). A jury trial may be waived, so the oath of a juror, and so of any omission or irregularity; it may be waived by the parties to the suit.

The act of the referee in signing his amended report out of the state, if objectionable at all, was a mere irregularity, and presents no question of jurisdiction.

The order of the special term should be reversed, with costs of special and general term.

*Thomas & Dean,* plaintiffs' attorneys.

From the papers in the case, used upon the motion, it appears that the action was one upon a building contract, and for extra work and materials; that the action was commenced February 4, 1873; that the same day the defendant appeared in person and the parties joined in executing a stipulation as to the amount due the plaintiffs.

An answer and reply in this case, were put in, February seventh and eighth, and February tenth an order of reference to Daniel Holmes, Esq., was entered by consent.

July 30th, 1873, the order at folio 15 was made, sending back the report "to the referee, *wherever he may be*," for correction and further finding; and staying proceedings meanwhile.

The amendatory report was made at Lausanne, Switzerland, September 13th, 1873; it changes the sum of $216 to $108, and finds the question as to quality in favor of the plaintiffs.

The report was set aside as void by justice JAMES C. SMITH, January 28th, 1874, on the ground that it was made out of the jurisdiction.

*First.* The report was properly set aside, independently of the ground upon which the court based its action.

Whether outside the state or within it, the referee has no right to review his own report, to reverse as "erroneous" a finding already made on mature consideration, and make a contradictory one instead. This is the province of an appellate court alone (*Goulard* agt. *Castillon*, 12 *Barb.*, 126; *Pratt* agt. *Stiles*, 17 *How. Pr. R.*, 211, 221, 222, 224; *S. C.*, 9 *Abb.*, 150).

Such procedure as has been adopted here must give rise to endless inconvenience and abuse. No better illustration of this can be desired than the letter of the referee to the defendant. After evidence is in, argument closed, and a mature decision rendered, the rights of one party are to be tossed about and finally resettled by means of a vivacious correspondence between the other party and the referee, or, if the latter happens to be near enough for personal approach, by equally lively and pleasant personal interviews. No imputation is intended upon the motives of this particular referee; but it is submitted that another and a better process for the review of his errors is provided by law.

*Second.* But the amendatory report actually rendered was wholly void, for the reason assigned by the court.

Cooley agt. Decker.

1. The act of the referee in making it is a *judicial act*, pure and simple.

2. No judicial act can be performed by an officer of this court out of its jurisdiction (*Bonner* agt. *McPhail*, 31 *Barb.*, 106, 112; *Peck* agt. *Yorks*, 14 *How. Pr.*, 416; *Brush* agt. *Mullany*, 12 *Abb. Pr.*, 344).

*Third.* The order appealed from is brought before this court, by the appeal, in all its aspects. It ought, therefore, to be not only affirmed, but, that a multiplicity of motions and appeals may be avoided, to be extended so as to set aside the order directing a further report. The remedy of the defendant, if there has indeed been error in it, is ample by exceptions and appeal from the judgment to be entered upon it.

At a general term of the supreme court, fourth judicial department, held at the city of Rochester, in the county of Monroe, April 30, 1874.

*Present*—Hon. JOSEPH MULLIN, *Presiding Justice.*

E. DARWIN SMITH,

J. W. GILBERT, *Justices.*

LEVI COOLEY AND LEVI COOLEY, JR.,
Respondents,
agt.
JONAH D. DECKER, Appellant.

The appeal from the order of special term, entered January 28, 1874, setting aside the amended report of Daniel Holmes, Esq., referee herein, dated September 13, 1873, having come on to be heard.

Now, after hearing Mr. George F. Danforth, of counsel for said appellant, and Mr. Theodore Bacon, of counsel for said respondents, it is ordered that the said order of special term be and the same is, in all things, reversed, with ten dollars costs, to be paid by said respondents to said appellant's attorney.

(Copy.)          JOHN H. WILSON,
*Clerk.*